UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee of IndyMac INDX
Mortgage Trust 2007-FLXI, Mortgage Pass-
Through Certificates, Series 2007-FLXI under
The Pooling and Servicing Agreement Dated
January 1, 2007,

        Plaintiff/Counter-Defendant,

v.

        Case No. 11-cv-15498
        HON. GERSHWIN A. DRAIN

LARRY QUARLES, *et al.*,

        Defendants/Counter-Plaintiffs.

### ORDER DENYING DEFENDANTS'/COUNTER-PLAINTIFFS' MOTION TO AMEND/ CORRECT NOTICE OF REMOVAL[#6]

**I.   INTRODUCTION**

Defendants/Counter-Plaintiffs Larry and Nancy Quarles (the "Quarleses"), filed this Counter-Complaint against Plaintiff/Counter-Defendant Deutsche Bank National Trust Company (" Deutsche Bank"), to challenge the foreclosure of a mortgage that encumbered property located at 18131 Magnolia Ave., Southfield, Michigan 48075 (the "Property").  The Quarleses bring seven claims: standing, count I; fraudulent assignment, count II; breach of implied covenant, count III; failure to comply with 12 U.S.C. § 1701x(c)(5), count IV; violation of the Fair Debt Collection Practices Act (Randall S. Miller & Associates, P.C. ("Miller")), count V; violation of the Truth in Lending Act, 15 U.S.C. § 1641,count VI; and failure to covenant good faith and fair dealing, unfair and unacceptable loan servicing.

Presently before the court is the Quarleses' Motion to Amend/Correct Notice of Removal to add Miller as a third-party defendant to the Counter-Complaint. For the reasons that follow, the Quarleses' motion to amend is denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about November 8, 2006, the Quarleses executed a mortgage ("Mortgage") and mortgage note ("Note"), in the amount of $176,000, to Mortgage Electronic Systems, Inc. ("MERS"), acting as nominee for IndyMac Bank, F.S.B. ("IndyMac"). The Mortgage was subsequently assigned to Deutsche Bank. The Quarleses failed to make monthly payments and subsequently defaulted on the Mortgage and Note.

On November 7, 2011, Deutsche Bank commenced judicial foreclosure proceedings against the Quarleses. On December 15, 2011, the Quarleses removed the instant action from Oakland County Circuit Court. The Quarleses also filed a Counter-Complaint where, in count V of the complaint – a party not properly named in the complaint – "Randall S. Miller & Associates, P.C.," was included in the header of the count. *See* Notice of Removal, Counter-Complaint, Dkt. No. 1, Ex. 2, pg. 21.

On January 27, 2012, Deutsche Bank responded to the counter-complaint and raised argued that count V was inapplicable to Deutsche Bank, and Miller was an improperly named party. *See* Deustche Bank's Answer to Complaint, Dkt. No. 4, ¶¶ 50-56. Deutsche Bank also stated multiple times in its Answer to the Complaint, "WHEREFORE, Plaintiff, Counter-Defendant, request that this Honorable Court dismiss the lawsuit as it is no longer being pursued and dismiss the Counter-Claim as it is moot," and attached a Request for Stipulation to Dismiss and a Proposed Stipulation to Dismiss to its response. *See* Deustche

Bank's Answer to Complaint, Dkt. No. 4, ¶¶ 27, 38, 45, 49, 56, 60, 70; *see also Id.* Exs. 2, 3.

On August 28, 2012, the Quarleses filed a Motion to Amend/Correct Notice of Removal in an effort to add Miller as a third-party defendant. The Quarleses maintain that "[a]dding Miller is necessary due to the original Counter Complaint contains causes of action against said law firm as a debt collector in violation of certain provisions of the Fair Debt Collection Practices Act (FDCPA), but they were inadvertently not named as a party to the claim." *See* Quarleses' Mot. to Amend/Correct Notice of Removal, Dkt. No. 6, pg. 2.

Deutsche Bank, in its response, argues that the motion to amend is untimely and in bad faith and should therefore be denied.

### III. LAW & ANALYSIS

#### A. The Quarleses' Motion for Leave to Amend Counter-Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend complaints shall be freely granted "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 181,(1962); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir.1973); *Tefft v. Seward*, 689 F.2d 637 (6th Cir.1982); *Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330, 333 (6th Cir.1983). However, such leave is inappropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment". *Foman*, 371 U.S. at 182; *Troxel*, 489 F.2d at 970. The determination of whether to grant the motion to amend is left to the sound discretion of the trial court. *Foman*, 371 U. S. at 182; *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S.

321, 330 (1971); *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir.1980). Examination of the *Foman* factors is to be made in light of Federal Rule of Civil Procedure 1's directive that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1; *Foman*, 371 U.S. at 182.

### 1. Undue Delay

Deutsche Bank first argues that the Quarleses motion is untimely and that the Quarleses were made aware of the improperly named party in Deutsche Bank's Response on January 27, 2012. Deutsche Bank maintains that at the parties' April 12, 2012, status conference, the Quarleses never mentioned to the court their intention to pursue a claim against Miller under the FDCPA.

The Quarleses argue that they should be allowed to add Miller because Section 813 of the FDCPA provides for civil liability for a violation of the Act, of which they are entitled to recover. *See* Quarleses' Reply to Deutsche Bank's Resp. to Mot. to Amend/Correct Notice of Removal, Dkt. No. 9, pg. 8. Moreover, the Quarleses contend that neither Deutsche Bank or Miller would suffer unfair surprise or prejudice because allegations were asserted against both parties in the original action.

The Quarleses also maintain that they have not delayed in litigating this suit, and in fact, it is Deutsche Bank's "lack of intention to resolve this dispute" that has caused delays. *Id.* at 9. The Quarleses list a litany of correspondence back and forth between the parties in efforts to try and resolve the matter. Furthermore, the Quarleses argue that a scheduling order has not been issued, thus, "no harm and no prejudice exist for either party." Finally, the Quarleses contend that they "were not aware of the mistake [of the improperly named party], and it was never brought to their attention." *Id.* The Court finds the latter part of the

-4-

Quarleses' argument to be disingenuous.

It must initially be noted that delay alone is an insufficient reason to deny a motion to amend. The critical factors to be examined are notice and substantial prejudice. *Estes*, 636 F.2d at 1134; *Hageman v. Signal L.P. Gas*, Inc., 486 F.2d 479, 484 (6th Cir. 1973). The court must weigh the plaintiff's reasons for the delay in raising the issue proposed for amendment against the prejudice likely to be suffered by the defendant. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 874 (6th Cir. 1973).

"The longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985). It is concerning to the Court that the Quarleses were alerted to the deficiency in their Counter- Complaint in January of 2012 and waited until August of 2012 to request leave to amend their Counter-Complaint. It is significant that the Quarleses only reason for the delay was that it was inadvertent.

"An amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims." *Durfee v. Rich*, 2008 U.S. Dist. LEXIS 8202, Case No. 02-10041, at *3 (E.D. Mich. Feb. 4, 2008), (citing *Troxel Mfg. Co.*, 489 F.2d 968 at 971). Deutsche Bank has shown that it would be prejudiced if the motion to amend is granted due to the added time and costs it will take to resolve the issues increasing the prejudice to Deutsche Bank, which continues to suffer from non-payment on the mortgage and note.

After taking the measure of prejudice that Deutsche Bank will incur and weighing it with the Quarleses reason for the delay, while not dispositive, the Court has determined that there was undue delay in bringing the Motion to Amend/Correct Notice of Removal, for

which good cause has not been shown.

**2. Bad Faith**

Deutsche Bank contends that the Quarleses have exhibited bad faith in filing a motion to amend the Counter-Complaint because they were aware of the deficiency in the complaint for seven months before they filed the motion. Furthermore, Deutsche Bank argues that the bank has stopped foreclosure actions against the Quarleses and the bank has not received a signed forbearance nor have the Quarleses contacted the bank to seek a modification.

Deutsche Bank maintains that the Quarleses appear to be in "no hurry to pursue loss mitigation remedies," which shows prejudice to the bank because Deutsche Bank continues to possess the "non-performing loan" while the Quarleses are still in possession of the Property. *See* Deutsche Resp. to Mot. to Amend/Correct Notice of Removal, Dkt. No 7, pg 6. In addition, Deutsche Bank contends that allowing the Quarleses to amend the Counter-Complaint will substantially delay the case.

The Quarleses argue that the proposed amended complaint does not change the nature of the relief requested, and that it was "filed in good faith as soon as reasonably possible after the error was noticed." *See* Quarleses' Reply to Deutsche Bank's Resp. to Mot. to Amend/Correct Notice of Removal, Dkt. No. 9, pg. 9.

Inquiry into a plaintiff's bad faith, when contested by a defendant, is interrelated with inquiry into the excuse for delay. Wright & Miller, Federal Practice and Procedure: Civil § 1487 p. 435 (1971).

"Rule 15(b) is not a *carte blanche*, allowing parties to amend their pleadings at any

time. Proper analysis is . . . to weigh the cause shown for delay against the resulting prejudice to the opposing party." *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973).

> At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time.

*Minor*, 605 F. Supp. at 1202.

Here, the Quarleses contend that there was no bad faith because they "filed the motion as soon as reasonably possible after the error was noticed." *See* Quarleses' Reply to Deutsche Bank's Resp. to Mot. to Amend/Correct Notice of Removal, Dkt. No. 9, pg. 9. However, for the Quarleses to contend that they were not "aware of the mistake [of the improperly named party], and it was never brought to their attention," is a statement that appears to be made in bad faith. *Id.* The Quarleses were on notice of the error seven months before they filed the motion to amend and they offer no legitimate reason for the delay.

The additional litigation costs and prejudice to Deutsche Bank, along with the unnecessary delay and the fact that the Quarleses were on notice about the deficiency in their pleading approximately seven months before they filed the motion to amend, compel this Court to deny the Quarleses' motion to amend.

## IV. CONCLUSION

For the foregoing reasons, the Quarleses' Motion to Amend/Correct Notice of Removal [#6] is DENIED.

SO ORDERED.

Dated: March 25, 2013_____  /s/Gershwin A Drain_____
                                                                             GERSHWIN A. DRAIN
                                                                             U.S. DISTRICT JUDGE