UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEUTSCHE BANK NATIONAL
TRUST COMPANY,
*as Trustee of the IndyMac INDX*                              Case No.11-cv-15498
*Mortgage Trust 2007 FLXI, Mortgage*                   HON. GERSHWIN A. DRAIN
*Pass-Through Certificates, Serites 2007-FLXI,*
*under the pooling and servicing agreement*
*dated Jan*

        Plaintiff,

vs.

LARRY QUARLES*, et al.,*

        Defendants.

_____/

<u>ORDER GRANTING PLAINTIFF/ COUNTER DEFENDANT DEUTSCHE BANK
NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT [#21]</u>

## I.  INTRODUCTION

Presently before the Court is Deutsche Bank National Trust Company's ("Deutsche Bank's" or the "Bank's") Motion for Summary Judgment, filed on March 29, 2013. On June 25, 2013, without proper leave from the Court, Larry and Nancy Quarles (the "Quarleses") filed a response in opposition to the present motion, and the time for filing a response expired on April 19, 2013.  *See* E.D. Mich. L.R. 7.1(e)(1)(B); Fed. R. Civ. P. 6(b). The Court finds the Quarleses response to be untimely and it will not be considered. Accordingly, the Court grants Deutsche Bank's Motion for Summary Judgment.

II. FACTUAL BACKGROUND

Deutsche Bank filed this action in Oakland County Circuit Court on December 15, 2011. The Quarleses removed the case to this Court. This action involves an interest in real property located at 18131 Magnolia Ave., Southfield, Michigan 48075 (the "Property"). On or about November 8, 2006, the Quarleses entered into a mortgage ("Mortgage") on the Property with IndyMac Bank, F.S.B. in the amount of $186, 292.68. The Mortgage was later assigned to Deutsche Bank.

On or about April of 2010, the Quarleses defaulted under the terms of the Mortgage by failing to make the required monthly payments. Subsequently, on November 30, 2010, Larry Quarles received a Chapter 7 Bankruptcy discharge. Deutsche Bank sought a judgment of foreclosure on the Property pursuant to M.C.L. § 600.3101 *et seq.* in the amount of the debt due, plus any advances the Bank made pursuant to the Mortgage including, but not limited to, interest and attorneys fees and costs.

In opposition, the Quarleses filed a counter-complaint against Deutsche Bank alleging seven counts: count I, Standing; count II, fraudulent assignment; count III, breach of implied covenant of good faith and fair dealing, failure of statutory/equitable/contractual condition precedent Home Affordable Modification Program (HAMP); count IV, failure to comply with 12 U.S.C. 17oix(c)(5), count V[1], violation of the Fair Debt Collection Practices Act, count VI, violation of the Truth in Lending Act § 131 (g); count VII, failure to covenant good faith and fair dealing: unfair and unacceptable loan servicing.

---

[1] Count V is no longer a viable claim because it was addressed towards a non-party to this action, and a motion to amend/correct and add the party was denied by this Court.

III. ANALYSIS

A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports,*

*Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B.  Motion for Summary Judgment
### 1. Count I- Standing

Deutsche Bank argues that it has proper standing and meets the requirements to foreclose on the subject Property pursuant to M.C.L. § 600.3204. According to § 600.3204, if a default in the mortgage has occurred that activates the power to sell clause, a party can foreclose on a mortgage by advertisement if:

> (a)  A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b)  An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c)  The mortgage containing the power of sale has been properly recorded.
> (d)  The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

M.C.L. § 600.3204.

Here, the Quarleses have defaulted on their mortgage payment and the power to sell provision has been made operative. IndyMac Bank, FSB's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned its Mortgage in the subject Property to Deutsche Bank on July 30, 2010. The assignment was recorded on August 10, 2012, in Liber 4277, Page 526. *See* Mot., Dkt. No. 21-3. Deutsche Bank, as the party foreclosing the mortgage, is the mortgagee of record and is "entitled to foreclose by advertisement." *See Residential Funding Co. V. Saurman*, 490 Mich. 909, 910 (2011).

Furthermore, the Quarleses cannot challenge the transfer of the Note or the Mortgage because they were not parties to the assignment. *Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. Appx. 97, 102 (6th Cir 2010).

Thus, the Court concludes that Deutsche Bank does have the proper standing to close, and Count I of the Quarleses counter-claim is dismissed as a matter of law.

### 2. Count II-Fraudulent Assignment

Deutsche Bank urges the Court to dismiss the Quarleses' claim of fraudulent assignment. To plead claims of fraud, the Quarleses are required to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the claim must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008). At a minimum, a plaintiff "must allege the time, place and contents of the misrepresentations upon which [he or she] relied." *Id.*

Here, the Quarleses have failed to plead specific information about where and when the actual statements took place, why the statements are fraudulent, the fraudulent scheme, and the fraudulent intent of Deutsche Bank. *See* Dkt. No. 1, Ex.3.

Furthermore, the Quarleses have not shown that they were prejudiced in any way by the alleged fraudulent assignment. Therefore, the Quarleses claim for fraudulent assignment fails.

### 3. Count III- Breach of Implied Covenant of Good Faith and Fair Dealing: Failure of Statutory/Equitable/Contractual Condition Precedent Home Affordable Modification Program (HAMP) and Count VII- Failure to Covenant Good Faith and Fair Dealing: Unfair and Unacceptable Loan Servicing

Deutsche Bank also seeks dismissal of Counts III and VII of the Quarleses complaint for similar claims of contractual violations of Covenants of Good Faith and Fair Dealing. As Deutsche Bank properly notes, no such cause of action exists under Michigan law as an independent tort action. *See Ulrich v. Federal Land Bank*, 192 Mich App. 194, 197 (1991) ("Michigan does not recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing.").

Because the Quarleses could not prevail on this claim as a matter of law in Michigan, Deutsche Bank's motion to dismiss for Counts III and VII of the complaint is granted.

### 4. Count IV-Failure to Comply with the Foreclosure Prevention Loan Servicing Requirement pursuant to National Housing Act, 12 U.S.C. § 1701x (c)(5)

In their counter-complaint, the Quarleses allege a violation of the National

Housing Act, 12 U.S.C. § 1701x (c)(5), for failure to offer home-ownership counseling. *See* Dkt. No. 1, Ex. B, pgs. 19-20.  There is no private right of action for non-compliance with the National Housing Act. *See Meyer v. Citimortgage, Inc.*, Case No. 11-13432, 2012 U.S. Dist. LEXIS 19548, at *3 (E.D. Mich. Feb. 16, 2012) ("It is well-established that the National Housing Act and attending regulations do not expressly or implicitly create a private right of action to mortgagors for a mortgagee's noncompliance with the Act or regulation.").  Therefore, Count IV must also fail as a matter of law.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Deutsche Bank's motion to dismiss the counter-complaint [#21] in its entirety with prejudice.


SO ORDERED.

Dated: <u>July 24, 2013</u>                                     /s/Gershwin A Drain
                                                                            GERSHWIN A. DRAIN
                                                                            United States District Court Judge